MARC M. SELTZER (54534)
STEVEN G. SKLAVER (237612)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Telecopier: (310) 789-3150

Attorneys for Plaintiff

E-FILED 05-15-08
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROYAL STANDARD MINERALS INC., <br><br> Plaintiff, <br><br> vs. <br><br> JAMES J. PUPLAVA, ALLAN P. MARKIN, LEITH PEDERSEN, WILLIAM COOPER, OCEANIC GREYSTONE SECURITIES INC., a Bahamian corporation, RICHARD W. DEVRIES, PHOENIX GOLD FUND LIMITED, a British Virgin Islands company, DEESONS INVESTMENTS LTD., a Canadian limited company, and DAYAN HENSON, <br><br> Defendants. | Case No. CV 06-6855 PSG (FMOx) <br><br> [~~PLAINTIFF'S PROPOSED~~] **FINAL JUDGMENT** |

833986v1

Having read and considered the parties Settlement Agreement and Mutual General Release, dated November 29, 2007, entered into between Plaintiff Royal Standard Minerals Inc. ("RSM" or "Plaintiff"), defendants James J. Puplava, Allan Markin, Leith Pedersen, William Cooper, Oceanic Greystone Securities, Inc., Richard DeVries, Phoenix Gold Fund Limited, Deesons Investments Ltd., Dayan Henson, and Luke Norman ("Norman"), attached as Exhibit A to this Final Judgment, the May 5, 2008 Declaration of Steven G. Sklaver in Support of RSM's Proposed Final Judgment, and good cause appearing thereon,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. On October 27, 2006, RSM filed a civil lawsuit (the "Action"), entitled Royal Standard Minerals, Inc. v. James J. Puplava, et al., Case No. CV 06-6855-JFW (FMOx), subsequently reassigned as Case No. CV 06-6855-PSG (FMOx) in this Court.

2. On September 25, 2006, RSM filed an action entitled *Royal Standard Minerals Inc. v. Luke Norman and Timothy Master* (the "Canadian Action"), Case No. S-066142, in the Supreme Court of British Columbia, Vancouver Registry. On October 23, 2006, Norman filed a counterclaim in the Canadian Action against RSM and its Chief Executive Officer, Roland M. Larsen ("Larsen").

3. With the consent of the defendants named in the Action, Norman is deemed added as a party defendant to this litigation, and RSM's operative complaint, filed October 27, 2006, is deemed amended to add Norman as a defendant. All references to "defendants" herein shall mean and include James J. Puplava, Allan Markin, Leith Pedersen, William Cooper, Oceanic Greystone Securities, Inc., Richard DeVries, Phoenix Gold Fund Limited, Deesons Investments Ltd., Dayan Henson, and Luke Norman.

4. Defendants, and each of them, were duly served with a copy of the complaint filed by RSM in the Action.

5. Defendants, and each of them, have admitted the jurisdiction of this

1  Court with respect to the subject matter of the Action and thus have entered a
2  general appearance.  Defendants, and each of them, have agreed to be bound by this
3  final judgment and the jurisdiction of this Court for all purposes.

4        6.     Defendants, and each of them, have waived the entry of findings of
5  fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure.
6  Defendants, and each of them, have consented to the entry by the Court of this final
7  judgment without any formal motion of either party and without notice or any
8  further proceedings.

9        7.     As of November 29, 2007, defendants represented that they, directly or
10 indirectly, beneficially owned or controlled the following amounts of shares of
11 RSM common stock:  James J. Puplava (0 shares); Allan P. Markin (0 shares);
12 William Cooper (2,600,000 shares); Oceanic Greystone Securities, Inc., (2,162,500
13 shares); Richard W. DeVries (0 shares); Phoenix Gold Fund Limited (0 shares);
14 Deesons Investments Ltd. (2,611,500 shares); Dayan Henson (225,000 shares,
15 through Jem Resources Ltd.); Leith Pedersen (50,000 shares); and Norman
16 (780,000 shares), for a total aggregate ownership of 8,229,000 shares.

17       8.     From November 29, 2007 until and including November 29, 2010,
18 defendants, and each of them, shall vote or cause to be voted (or not to vote or to
19 cause not to be voted) all shares that are directly or indirectly beneficially owned or
20 controlled or directed by any of them (the "Shares") solely as directed from time to
21 time by the Board of Directors of RSM and, in furtherance thereof, shall provide or
22 cause to be provided (and not to revoke or to cause to be revoked) a proxy in
23 respect of the Shares at any meeting (including adjournments or postponements
24 thereof) to such person or persons as directed from time to time by the Board of
25 Directors of RSM.  However, in the event an unsolicited tender offer ("bid") for
26 control of RSM is submitted by an independent third-party who is not directly or
27 indirectly related to or affiliated with defendants, and such bid is not solicited,
28 prompted or encouraged by any of the defendants, their agents or other persons

833986v1

acting on their behalf, and RSM's Board of Directors supports such bid (an "Unsolicited Bid"), defendants shall not be restricted in tendering their Shares with respect to such bid, provided that at or before such tendering defendants, and each of them, provide an affidavit to RSM under the penalty of perjury stating that the Unsolicited Bid has been submitted by an independent third-party who is not, directly or indirectly, related to or affiliated with any of them and such bid was not solicited, prompted or encouraged by any of the defendants.

9. From November 29, 2007 until and including November 29, 2009, defendants, and each of them, shall not sell or transfer or otherwise dispose of (and shall not cause to be sold or transferred or otherwise disposed of), including without limitation by way of gift or encumbrance, any or all of the Shares (or any rights in connection therewith), or enter into any derivative or corresponding transactions in respect of any of the Shares, except for sales to purchasers identified and approved by RSM in its sole and absolute discretion ("Directed Purchasers") and except for arm's-length sales, in amounts not to exceed 10% of the daily trading volume on any trading day on a stock exchange, to unknown counterparties over the facilities of that stock exchange through a broker or dealer who is made aware of and agrees in writing with RSM to be bound by the provisions of the Agreement ("Exchange Sales").

10. From November 29, 2007 until and including November 29, 2010, once annually and at any other time upon request by RSM, each of the defendants shall provide an affidavit under penalty of perjury with supporting documentation as to their compliance with the terms hereof and as to their transactions in and holdings of securities of RSM and any securities derivative of securities of RSM.

11. From November 29, 2007 until and including November 29, 2010, defendants, and each of them, shall not, directly or indirectly, act jointly or in concert with any other person or entity in respect of RSM.

12. From November 29, 2007 until and including November 29, 2010,

833986v1

defendants, and each of them, shall not in any manner acquire, agree to acquire, or make any proposal or offer to acquire, directly or indirectly, any securities, assets or liabilities of RSM or its subsidiaries without the prior written consent of RSM, which RSM may grant or deny in its sole and absolute discretion.  Provided that defendants, and each of them, abide by and are in compliance with all applicable securities laws, including the Williams Act, 15 U.S.C. § 78m(d), this provision shall not prohibit defendants from acquiring additional RSM shares without the prior written consent of RSM, provided, however, that: (i) not less than ten (10) days prior to acquiring any additional shares, each of the defendants notify RSM in writing of the amount of additional RSM shares they intend to purchase and on which date or dates, and defendants shall advise RSM of any completed acquisitions within ten (10) days after the completion of such acquisitions; (ii) the aggregate percentage direct or indirect holdings of defendants, and each of them, or anyone affiliated with any of them of the outstanding shares of RSM would not after any such acquisitions be greater than 110% of defendants' aggregate, direct or indirect, percentage holdings of RSM stock as of November 29, 2007 (i.e., 8,229,000 shares) or any greater amount that RSM approves in writing in its sole and absolute discretion; and (iii) defendants, and each of them, do not directly or indirectly, nor anyone affiliated with any of them, acquire at any time nor in total more than 10% of the shares of RSM that any of defendants, directly or indirectly, owns as stipulated above (e.g., based on his ownership of 50,000 shares of RSM stock, defendant Leith Pedersen cannot without prior written consent of RSM purchase more than 5,000 shares of RSM stock).

13. From November 29, 2007 until and including November 29, 2010, none of defendants, or any of them, shall engage in any short sales in respect of any securities of RSM or securities derivative of securities of RSM.

14. From November 29, 2007 until and including November 29, 2010, none of defendants, or any of them, shall propose or offer to enter into, directly or

833986v1

indirectly, any merger or business combination involving RSM or its subsidiaries, or to purchase, directly or indirectly, a material portion of the assets of RSM or any of its subsidiaries.

15. From November 29, 2007 until and including November 29, 2010, none of defendants, or any of them, shall directly or indirectly solicit, or participate or join with any other person in the solicitation of, any proxies (as such terms are defined under applicable securities laws) to vote, or to seek to advise or to influence any person with respect to the voting of, any voting securities of RSM. This provision shall not prohibit defendants from tendering their shares in connection with an Unsolicited Bid (as defined and conditioned in paragraph 8 above).

16. From November 29, 2007 until and including November 29, 2010, none of defendants, or any of them, shall act alone or in concert with others to seek to control or to influence the management, board of directors or policies of RSM.

17. From November 29, 2007 until and including November 29, 2010, none of defendants, or any of them, shall make any public or private disclosure of any consideration, intention, plan or arrangement inconsistent with any of the foregoing.

18. From November 29, 2007 until and including November 29, 2010, defendants, individually or collectively, shall not advise, assist or encourage any other person in connection with any of the foregoing, including, without limitation thereto, providing financing for such purpose.

19. From November 29, 2007 until and including November 29, 2010, defendants, individually or collectively, shall not solicit for hire or employment, or hire, directly or indirectly, any officer or employee of RSM or any of its subsidiaries.

20. From November 29, 2007 until and including November 29, 2010, defendants, individually or collectively, shall not make, or cause to be made, any defamatory or disparaging communications, or any remarks whatsoever

833986v1

depreciating the capabilities, competence, honesty, integrity, or ethics of RSM or any of its officers, directors, management, employees or agents, including, but not limited to their remarks concerning or relating to the Action or the Canadian Action. The communications as used above includes, but is not limited to, oral statements, writings, e-mail messages, web-sites, internet postings, broadcasts of any kind, or any other public or private transmissions.

21. From November 29, 2007 until and including November 29, 2010, defendants, and each of them, shall provide copies to RSM of any responses or disclosures to applicable regulatory organizations concerning the foregoing. Such responses or disclosures shall be provided to RSM within five (5) days of submitting such responses or disclosures to any such regulatory organization.

22. Each of the parties shall bear his, her or its own respective costs and attorneys' fees in connection with, arising out of, or related to the Action and the Canadian Action or any portion of it, except that defendants are hereby ordered to pay RSM a total of $24,799.73 for costs incurred in connection with the Action. Such payment shall be made within ten business days after entry of this consent decree by the Court, and defendants shall be jointly and severally liable for aforesaid costs.

23. Notwithstanding the entry of this judgment, the Court shall retain jurisdiction over this Action and defendants, and each of them, in order to effectuate this final judgment.

24. RSM is not required to post any bond for the injunctions ordered hereby.

25. This final judgment is applicable to and entered into jointly and severally to each and every defendant.

26. Any failure to comply with any of the provisions of this consent decree shall subject James J. Puplava, Allan Markin, Leith Pedersen, William Cooper, Oceanic Greystone Securities, Inc., Richard DeVries, Phoenix Gold Fund Limited,

833986v1

Deesons Investments Ltd., Dayan Henson, Luke Norman and all persons acting in concert with them with notice of this final judgment to findings of contempt.

**IT IS SO ORDERED.**

DATED: __5/15/08

                                        PHILIP S. GUTIERREZ
                                        PHILIP S. GUTIERREZ
                                  UNITED STATES DISTRICT JUDGE

Submitted by:

MARC M. SELTZER
STEVEN G. SKLAVER
SUSMAN GODFREY L.L.P.

By: _____
      Steven G. Sklaver
Attorneys for Plaintiff

833986v1

## PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067-6029.

On May 15, 2008, I served the foregoing document(s) described as follows:

**[PLAINTIFF'S PROPOSED] FINAL JUDGMENT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

____ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

____ BY TELECOPIER
I served by facsimile as indicated on the attached service list.

_XX_ BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on May 15, 2008, at Los Angeles, California

____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_XX_ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Helen Danielson                                  _____
(Type or Print Name)                             (Signature)

833986v1

# SERVICE LIST

| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANTS** |
|---|---|
| Marc M. Seltzer<br>Steven G. Sklaver<br>SUSMAN GODFREY L.L.P.<br>1901 Avenue of the Stars, Suite 95<br>Los Angeles, California  90067-6029<br>Telephone:  (310) 789-3100<br>Facsimile:  (310) 789-3150<br>mseltzer@susmangodfrey.com<br>ssklaver@susmangodfrey.com<br><br>**Attorneys for Plaintiff ROYAL STANDARD MINERALS INC.** | John L. Erikson, Jr.<br>William M. Turner<br>JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.<br>601 South Figueroa Street, 27th Floor<br>Los Angeles, California  90017-5759<br>Telephone:  (213) 485-1555<br>Facsimile:   (213) 689-1004<br>jlerikson@jonesbell.com<br>wmturner@jonesbell.com<br>**Attorneys for Defendants JAMES J. PUPLAVA, ALLAN MARKIN, LEITH PEDERSEN, WILLIAM COOPER, OCEANIC GREYSTONE SECURITIES, INC., RICHARD DEVRIES, PHOENIX GOLD FUND LIMITED, DEESONS INVESTMENTS LTD., DAYAN HENSON, AND LUKE NORMAN** |

833986v1